[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13404
_____

D. C. Docket No. 5:11-cv-00284-CAR

JANE MCGINNIS,

Plaintiff – Appellant -
Cross Appellee,

versus

AMERICAN HOME MORTGAGE
SERVICING, INC., a Foreign Corporation,

Defendant – Appellee –
Cross Appellant.

_____

Appeals from the United States District Court
for the Middle District of Georgia
_____

(May 29, 2015)

Before HULL, ANDERSON, and FARRIS,* Circuit Judges.

PER CURIAM:

_____

* Honorable Jerome Farris, United States Circuit Judge for the Ninth Circuit, sitting by designation.

In this diversity action, the jury returned a verdict in favor of the Plaintiff. The jury found for Plaintiff on her claims for wrongful foreclosure and other torts, awarding a relatively small amount of compensatory damages and sizable emotional distress and punitive damages. The district court reduced the punitive damages to the $250,000 cap pursuant to O.C.G.A. § 51-12-5.1(g). Plaintiff appeals, challenging the district court's earlier summary judgment dismissing her Georgia RICO claim, and challenging the district court's reduction of the punitive damages found by the jury. American Home Mortgage Servicing, Inc., now Homeward Residential, Inc. ("Homeward"), cross-appeals.

We have had the benefit of oral argument in this case, and have carefully reviewed the briefs of the parties and the relevant parts of the record. We conclude that the judgment of the district court should be affirmed in all respects.

We reject all of the claims raised by Plaintiff in her main appeal. We reject Plaintiff's challenge to the district court's ruling at the summary judgment stage dismissing Plaintiff's RICO claims. Plaintiff's argument that Georgia law no longer recognizes the "single transaction" defense was not presented to the district court, and is therefore waived. Plaintiff has not persuaded us that the district court erred in any other respect in its ruling dismissing the RICO claim.

We also reject the challenges raised by Plaintiff on appeal with respect to the district court's punitive damages rulings.  We are not persuaded that the district court erred in concluding that Homeward adequately preserved its Rule 50(b) argument that there was insufficient evidence of specific intent to cause harm such that punitive damages would be limited to $250,000 pursuant to O.C.G.A. § 51-12-5.1.  Closely related arguments were made in Homeward's oral Rule 50(a) motion, and in the immediately preceding charge conference, in which Homeward expressly argued that "there isn't any evidence of specific intent in this case."  Also, we cannot conclude that the district court erred in concluding that no reasonable jury could find on this record sufficient evidence of specific intent on the part of Homeward to cause harm.

Any other claims raised by Plaintiff in her main appeal are rejected without need for further discussion.  We now turn to Homeward's cross-appeal.

We also reject all of Homeward's claims raised in its cross-appeal.  We conclude that the district court did not err in rejecting Homeward's argument that there was insufficient evidence to support the jury's verdict on wrongful foreclosure.  We also reject Homeward's challenge to the jury's verdict for emotional damages.  Although a close call, our review of the evidence persuades us that Homeward's conduct rose to the requisite level such that the jury did not err in

finding extreme and outrageous conduct.[1]  Any other claims raised by Homeward in its cross-appeal are rejected without need for further discussion.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.

---

[1]    Thus, we need not decide whether Georgia law requires a wrongful foreclosure plaintiff to prove the elements of intentional infliction of emotional distress to recover emotional damages.